# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GINNAHATAH N. JUSTICE,**

*Plaintiff*

vs.

**GRYPHON ELECTRONICS, LLC,**
2664 Saturn St B, Brea, CA 92821,

and

**POWERALL CORPORATION,**
2664 Saturn Street B, Brea, CA 92821,

and

**ADVANCE AUTO PARTS, INC.,**
5008 Airport Road, Roanoke, VA 24012,

and

**CARQUEST CORPORATION,**
4721 Hargrove Road, Raleigh, NC 27616,

and

**G&W AUTO PARTS & MACHINE SHOP**
d/b/a **CARQUEST AUTO PARTS**
216 Upper River Road
Gallipolis, Oh 45631,

*Defendants*

ELECTRONICALLY FILED
March 16, 2018
U.S. DISTRICT COURT
Northern District of WV

Civil Action No.   2:18-CV-28

Judge:   Bailey

## COMPLAINT

COMES NOW Plaintiff Ginnahatah N. Justice, by and through his undersigned attorneys, and for his Complaint herein alleges as follows:

## BACKGROUND AND NATURE OF THE ACTION

1. This is an action for damages arising from severe and disfiguring personal injuries suffered by Plaintiff from a defective Powerall Supreme 600 Amp Portable Power Bank Battery Jump Starter ("Jump Starter"), and Lithium Ion battery (Battery") contained within the Jump Starter, that suddenly and unexpectedly caught fire, which were designed, manufactured, marketed, sold, and distributed by Defendants Gryphon Electronics, LLC; Powerall Corporation; Advance Auto Parts, Inc.; Carquest Corporation; and G&W Auto Parts & Machine Shop d/b/a Carquest Auto Parts.  Plaintiff's severe and disfiguring personal injuries include, but are not limited to, second degree burns to approximately 20% of his body, including to his genitalia, scrotum, groin area, right and left legs, right and left lower arms, right and left hands, and injuries to his lungs, resulting in permanent injuries.

2. This action seeks to recover for the damages Plaintiff has suffered as a direct and proximate result of the Defendants' strict liability, negligence and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the Jump Starter and Battery.

## PARTIES

3. Plaintiff Ginnahatah N. Justice is a resident of Vinton, Ohio and was injured by the Jump Starter and Battery in Upshur County, West Virginia.

4. Upon information and belief, Defendant Gryphon Electronics, LLC ("Gryphon") is a California corporation with its principal place of business at 2664 Saturn Street B, Brea, CA 92821.  Defendant Gryphon is a manufacturer and distributor of automotive accessories and consumer electronic products, with an ongoing commitment to developing a diverse portfolio of new and innovative patented products focused on design, performance, and functionality.

Defendant Gryphon is recognized as the original inventor of the portable lithium jump starter, and is the trademark brand owner of Powerall, the top selling lithium battery jump starter in the world. Upon information and belief, at all relevant times, Defendant Gryphon was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Jump Starter and Battery, including in the State of West Virginia, which was intended and was in fact sold to consumers in West Virginia and throughout the United States. At all relevant times, Defendant Gryphon transacted, solicited, and conducted business in the State of West Virginia and derived substantial revenue from such business. At all relevant times, Defendant Gryphon expected or should have expected that its acts would have consequences for residents of the State of West Virginia.

5. Upon information and belief, Defendant Powerall Corporation ("Powerall") is a California corporation with its principal place of business at 2664 Saturn Street B, Brea, CA 92821. Upon information and belief, Defendant Powerall is a wholly owned subsidiary of Defendant Gryphon. Powerall is the original inventor of portable lithium jump starters. Upon information and belief, at all relevant times, Defendant Powerall was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Jump Starter and Battery, including in the State of West Virginia, which was intended and was in fact sold to consumers in West Virginia and throughout the United States. At all relevant times, Defendant Powerall transacted, solicited, and conducted business in the State of West Virginia and derived substantial revenue from such business. At all relevant times, Defendant Powerall expected or should have expected that its acts would have consequences for residents of the State of West Virginia.

6. Upon information and belief, Defendant Advance Auto Parts, Inc. ("Advance") is a Delaware corporation with its principal place of business at 5008 Airport Road, Roanoke, VA 24012. Upon information and belief, Defendant Advance is the largest automotive aftermarket parts provider in North America, and serves both the professional installer and do-it-yourself customers. Defendant Advance operates over 5,200 stores, and serves and operates approximately 1,300 independently owned Carquest branded stores in the United States, Puerto Rico, the U.S. Virgin Islands, and Canada. Upon information and belief, at all relevant times, Defendant Advance was engaged in the business of testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Jump Starter and Battery, including in the State of West Virginia, which was intended and was in fact sold to consumers in West Virginia and throughout the United States. At all relevant times, Defendant Advance transacted, solicited, and conducted business in the State of West Virginia and derived substantial revenue from such business. At all relevant times, Defendant Advance expected or should have expected that its acts would have consequences for residents of the State of West Virginia.

7. Upon information and belief, Defendant Carquest Corporation ("Carquest") is a Delaware corporation with its principal place of business at 4721 Hargrove Road, Raleigh, NC 27616. Upon information and belief, Defendant Carquest is an American automotive parts distribution network that sells auto parts through its stores in the United States. Upon information and belief, Carquest is a fully owned subsidiary of Defendant Advance. Upon information and belief, at all relevant times, Defendant Carquest was engaged in the business of testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Jump Starter and Battery, including in the State of West Virginia, which was intended and was in fact sold to consumers in West Virginia and throughout the United States. At all relevant times, Defendant

Carquest transacted, solicited, and conducted business in the State of West Virginia and derived substantial revenue from such business.  At all relevant times, Defendant Carquest expected or should have expected that its acts would have consequences for residents of the State of West Virginia.

8.   Upon information and belief, Defendant G&W Auto Parts & Machine Shop d/b/a Carquest Auto Parts ("Carquest Auto") is an Ohio corporation with its principal place of business near the West Virginia border at 216 Upper River Road, Gallipolis, Ohio 45631.  Upon information and belief, Carquest Auto is part of the Defendant Carquest network, and is operated and/or controlled in part by Defendant Carquest.  Upon information and belief, Defendant Carquest Auto, at all relevant times, was engaged in the business of testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Jump Starter and Battery, which was intended and was in fact sold to consumers in Ohio and West Virginia for use in both states and with the knowledge that such products can and would be used in West Virginia in particular.  Upon information and belief, at all relevant times, Defendant Carquest Auto was engaged in selling products, including the Jump Starter and Battery, on the internet to consumers in various states including in West Virginia, and knew that consumers like Plaintiff could be injured by such products while the products were being used in West Virginia.  Upon information and belief, at all relevant times, Defendant Carquest Auto transacted, solicited, and/or conducted business in the State of West Virginia including delivery of parts to and from West Virginia, and derived substantial revenue from such business.  At all relevant times, Defendant Carquest Auto expected or should have expected that its acts would have consequences in the State of West Virginia.

9. Defendants Gryphon, Powerall, Advance, Carquest, and Carquest Auto are hereinafter referred to collectively as "Defendants."

## JURISDICTION & VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because complete diversity exists between the parties, as set forth herein, Plaintiff is a citizen of a state that is different from the state where one or more of the Defendants are incorporated and/or have their principal places of business.

11. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because it is a judicial district where Defendants are subject to personal jurisdiction in accordance with 28 U.S.C. § 1391(c) and because material acts described herein occurred in Upshur County, West Virginia.

## FACTUAL ALLEGATIONS

12. Defendants were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of the Jump Starter and Battery.

13. Prior to July 6, 2017, Plaintiff purchased the Subject Jump Starter and Battery from Carquest Auto for use in Ohio and West Virginia.

14. On or about July 6, 2017, Plaintiff was carrying the Jump Starter and Battery in his right front pants pocket while he was walking at an auto auction located in Buckhannon, West Virginia, in Upshur County.

15. On or about July 6, 2017, when Plaintiff was carrying the Jump Starter and Battery in Plaintiff's right front pants pocket, the Jump Starter and Battery suddenly and unexpectedly caught fire, severely injuring Plaintiff, including but not limited to, causing second degree burns to approximately 20% of Plaintiff's body, including to his genitalia, scrotum, groin area, right

and left legs, right and left lower arms, right and left hands, and injuries to his lungs, resulting in permanent injuries to Plaintiff.

16. Defendants sold and held out the Jump Starter and Battery as being able to safely to use and carry.  However, the Jump Starter's and/or Battery's design made them unreasonably dangerous to operate or carry.  Safer alternative designs to the Jump Starter and/or Battery were available at the time Defendants sold the Jump Starter and Battery, but Defendants failed to utilize such safer alternative designs.

17. Defendants had a duty to test for, discover, and eliminate hazards wherever possible first before utilizing a potentially dangerous product design.  Defendants also had a duty to guard against and warn of potential dangers if it was not possible to first eliminate hazards through a safer alternative design.  As described below, Defendants failed to test for, discover, eliminate, guard against, and warn of hazards in the Jump Starter and/or Battery before utilizing its dangerous design. There were safer alternative designs that were available and feasible to Defendants' design of the Jump Starter and/or Battery.  Defendants failed to utilize these feasible alternative designs, resulting in Plaintiff's injuries.

## COUNT I
## (STRICT LIABILITY)

18. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint as if fully set forth herein.

19. At all times material to this action, the Defendants were responsible for formulating, designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling and/or selling the Jump Starter and/or Battery.

20. The Jump Starter and/or Battery was in a defective condition at the time that it was designed, manufactured, sold, and/or marketed by the Defendants and at the time it left

Defendants' possession. The Jump Starter and Battery reached Plaintiff without any substantial change in their condition and the Jump Starter and Battery were in the possession of the Defendants at the time the defect occurred.

21. The condition of the Jump Starter and/or Battery made them unreasonably dangerous for their intended use. Plaintiff was a user of the Jump Starter and Battery and was unaware of the defect and used the Jump Starter and Battery in a reasonable, foreseeable and intended manner. The injuries suffered by Plaintiff were the exact type of injuries that can be caused by a defective Jump Starter and/or Battery.

22. The Jump Starter and/or Battery failed to perform as safely as an ordinary consumer, such as Plaintiff, would expect when used in an intended or reasonably foreseeable manner. The benefits of the design of the Jump Starter and/or Battery do not outweigh the risk of danger inherent in such design.

23. Defendants knew or should have known that the ultimate users of the products would not, and could not, inspect the Jump Starter and/or Battery or otherwise investigate so as to discover the latent defects described above.

24. Defendants could have provided a safer alternative design to the Jump Starter and/or Battery. Such safer alternative designs existed at the time the Jump Starter and/or Battery was manufactured, and it would not have substantially impaired the Jump Starter's and/or Battery's utility. Such safer alternative designs were economically and technologically feasible at the time the Jump Starter and/or Battery left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge. The Jump Starter's and/or Battery's defective design was a proximate cause of Plaintiff's injuries and damages.

25. The Jump Starter and/or Battery manufactured and/or supplied by Defendants was defective in manufacture, construction and/or composition in that, when it left the hands of Defendants, it deviated in a material way from Defendants' manufacturing performance standards and/or it differed from otherwise identical products manufactured from the same design.  Defendants knew or should have known that the Jump Starter and/or Battery could fail, therefore giving rise to injuries like those suffered by Plaintiff as described herein.  Despite the aforementioned, Defendants continued to market and/or sell the Jump Starter and Battery as a safe and effective product.

26. The Jump Starter and/or Battery was also not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of the risks associated with its use, thereby rendering Defendants liable to Plaintiff.

27. The warnings that were given by the Defendants also were not accurate, clear, and/or were ambiguous and/or conspicuous.  The warnings that were given by the Defendants failed to adequately warn of the dangers of using and/or carrying on one's person the Jump Starter and/or Battery.

28. The Defendants had a continuing duty to warn Plaintiff of the dangers associated with the Jump Starter and/or Battery.

29. The Defendants, as manufacturers, distributors and/or sellers of the Jump Starter and/or Battery, did not uphold reasonably prudent standards of reasonable safeness and warning.

30. Had Plaintiff received adequate warnings regarding the risks of using or carrying the Jump Starter and/or Battery, Plaintiff would not have used and/or carried on his person the Jump Starter and/or Battery.

31. As alleged herein, as a direct and proximate result of the Defendants' acts and omissions, and the defective characteristics of the Jump Starter and/or Battery, Plaintiff suffered severe and permanent physical injuries, including but not limited to, second degree burns to approximately 20% of his body, including to his genitalia, scrotum, groin area, right and left legs, right and left lower arms, right and left hands, and injuries to his lungs.  Plaintiff has endured substantial pain and suffering.  Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiff has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured.  Plaintiff's injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## COUNT II
### (NEGLIGENCE)

32. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint as if fully set forth herein.

33. At all times material hereto, Defendants had a duty to exercise reasonable care to consumers and/or users, including Plaintiff, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, and/or sale of the Jump Starter and/or Battery.

34. The Defendants breached their duty of reasonable care to Plaintiff in that they negligently designed, developed, manufactured, tested, inspected, packaged, promoted, marketed, distributed, labeled, and/or sold the Jump Starter and/or Battery.

35. Plaintiff's injuries and damages alleged herein were and are the direct and proximate result of the carelessness and negligence of the Defendants as follows:

    a) In their design, development, research, manufacture, testing, packaging, promotion, marketing, guarding, sale and/or distribution of the Jump Starter and/or Battery;

    b) In their failure to warn or instruct, and/or adequately warn or adequately instruct, users of the Jump Starter and/or Battery, including Plaintiff, of the Jump Starter and/or Battery's dangerous and defective characteristics;

    c) In their promotion of the Jump Starter and/or Battery in an overly aggressive, deceitful and fraudulent manner, despite evidence as to the Jump Starter's and/or Battery's defective and dangerous characteristics due to its propensity to cause serious injury;

    d) In representing that the Jump Starter and/or Battery was safe for its intended use when, in fact, the product was unsafe for its intended use;

    e) In failing to perform appropriate pre-market testing of the Jump Starter and/or Battery;

    f) In failing to perform appropriate post-market testing of the Jump Starter and/or Battery; and

    g) In failing to perform appropriate post-market surveillance of the Jump Starter and/or Battery.

36. The Defendants knew or should have known that users such as Plaintiff would foreseeably suffer injury as a result of the Defendants' failures to exercise reasonable and ordinary care.

37. As alleged herein, as a direct and proximate result of the Defendants' carelessness and negligence, and the unreasonably dangerous and defective characteristics of the Jump Starter and/or Battery, Plaintiff suffered severe and permanent physical injuries, including, but not limited to, second degree burns to approximately 20% of his body, including to his genitalia, scrotum, groin area, right and left legs, right and left lower arms, right and left hands, and injuries to his lungs.  Plaintiff has endured substantial pain and suffering.  Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiff has suffered a loss of earning capacity.  Plaintiff has suffered and will

continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured.  Plaintiff's injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

### COUNT III
### (BREACH OF IMPLIED WARRANTIES)

38. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint as if fully set forth herein.

39. The Defendants designed, manufactured, marketed, distributed, supplied, and sold the Jump Starter and/or Battery.

40. At the time that the Defendants manufactured, marketed, distributed, supplied, and/or sold the Jump Starter and/or Battery, they knew of the use for which the Jump Starter and/or Battery was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

41. At the time the Defendants made implied warranties, the Defendants knew of or should have known of the concerns about the reasonably safe operation of the Jump Starter and/or Battery, but Defendants did not take the opportunity to cure the defects to make the Jump Starter and/or Battery of merchantable quality, safe or fit for its intended uses and purposes.

42. Plaintiff reasonably relied upon the skill, superior knowledge, and judgment of the Defendants.

43. Plaintiff used the Jump Starter and/or Battery for its intended purpose.

44. Due to the Defendants' wrongful conduct as alleged herein, Plaintiff could not have known about the nature of the risks associated with the Jump Starter and/or Battery until after Plaintiff used or carried it.

45. Contrary to the implied warranty for the subject product, the Jump Starter and/or Battery was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

46. As alleged herein, as a direct and proximate result of the Defendants' acts and omissions, and the unreasonably dangerous and defective characteristics of the Jump Starter and/or Battery, Plaintiff has suffered severe and permanent physical injuries, including but not limited to, second degree burns to approximately 20% of his body, including to his genitalia, scrotum, groin area, right and left legs, right and left lower arms, right and left hands, and injuries to his lungs. Plaintiff has endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## COUNT IV
## (BREACH OF EXPRESS WARRANTY)

47. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint as if fully set forth herein.

48. Defendants expressly warranted that the Jump Starter and/or Battery was safe and fit for use by consumers and users including Plaintiff for its intended purpose, that it was of merchantable quality, and that it was adequately tested and fit for its intended use.

49. At the time of the making of the express warranties, Defendants knew or should have known of the purpose for which the Jump Starter and/or Battery was to be used and warranted the same to be, in all respects, fit, safe, effective, and proper for such purpose.

50. At the time of the making of the express warranties, Defendants knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that the Jump Starter and/or Battery was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

51. Plaintiff relied on the Defendants' express warranties.

52. Defendants breached said express warranties, in that the Jump Starter and/or Battery was not safe and fit for its intended use and, in fact, causes debilitating injuries as described herein.

53. As alleged herein, as a direct and proximate result of the Defendants' acts and omissions, and the unreasonably dangerous and defective characteristics of the Jump Starter and/or Battery, Plaintiff suffered severe and permanent physical injuries, including but not limited to, second degree burns to approximately 20% of his body, including to his genitalia, scrotum, groin area, right and left legs, right and left lower arms, right and left hands, and injuries to his lungs. Plaintiff has endured substantial pain and suffering.  Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiff has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

### COUNT V
### (VIOLATION OF WEST VIRGINIA'S CONSUMER PROTECTION LAW)

54. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint as if fully set forth herein.

55. Defendants engaged in consumer-oriented, consumer commerce and trade, including advertising, offering for sale, sale or distribution of tangible or personal property by selling,

distributing and/or advertising the Jump Starter and/or Battery to Plaintiff to use, including but limited to, for Plaintiff's personal use.

56. The State of West Virginia enacted the West Virginia Consumer Credit and Protection Act, §46A-6-101 et seq. (the "Consumer Protection Act") to protect consumers from unfair or deceptive acts or practices.

57. Defendants' conduct in connection with their sale of the Jump Starter and/or Battery was impermissible and illegal in violation of the Consumer Protection Act in that Defendants engaged in unfair or deceptive acts or practices by engaging in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, because Defendants misleadingly, falsely, unconscionably and/or deceptively misrepresented and/or omitted material facts regarding, among other things, the safety of the Jump Starter and/or Battery as described herein. Defendants' conduct violated the Consumer Protection Act and caused Plaintiff an ascertainable loss.

58. The Defendants were or should have been in possession of evidence demonstrating that their product caused and/or has the potential to cause the above injuries. Nevertheless, Defendants continued to market, sell and/or distribute the Jump Starter and/or Battery. As a result, Plaintiff was not adequately warned of the potential for injury, continued to use the Jump Starter and/or Battery, and suffered ascertainable losses.

59. The Defendants' action and inaction described above were performed willfully, intentionally and/or with reckless disregard for the rights and safety of Plaintiff and the public.

60. As a result of Defendants' violations of the Consumer Protection Act, Plaintiff was misled about the unreasonably dangerous and defective characteristics of the Jump Starter and/or Battery, and suffered severe and permanent ascertainable losses, including but not limited to,

second degree burns to approximately 20% of his body, including to his genitalia, scrotum, groin area, right and left legs, right and left lower arms, right and left hands, and injuries to his lungs. Plaintiff has endured substantial pain and suffering. Plaintiff has incurred significant monetary expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and/or economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks actual damages from Defendants as alleged herein.

## COUNT VI
## (PUNITIVE DAMAGES)

61. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint as if fully set forth herein.

62. The wrongs done by Defendants were aggravated by the kind of malice, fraud, and reckless disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under West Virginia or governing law for imposition of punitive damages, in that Defendants' conduct: was specifically intended to cause substantial injury to Plaintiff; when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually and/or subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendants knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff.

63. Plaintiff relied on Defendants' representations and suffered injuries as a proximate result of this reliance.

64. Plaintiff therefore will seek to assert claims for punitive damages at the appropriate time as provided by West Virginia or governing law. Plaintiff also alleges that the acts and omissions of Defendants, whether taken singularly or in combination with others, constitute reckless disregard from which malice can be inferred that proximately caused the injuries to Plaintiff. In that regard, Plaintiff will, as noted, seek exemplary damages in an amount that would punish Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each of the Defendants, individually and jointly, for:

a) Reasonable compensatory damages for harm and losses caused by the use of the Jump Starter and/or Battery;

b) Punitive damages for the Defendants' malicious, willful, wantonness and/or conscious indifference toward the safety of the consuming public, including Plaintiff;

c) Pre-judgment interest on economic losses; and

d) Allowable costs and the expenses of this litigation.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATE: March 16, 2018

Eric T. Chaffin, Esq.
WV Bar No. 10636
**CHAFFIN LUHANA LLP**
615 Iron City Drive
Pittsburgh, PA 15205
Email:chaffin@chaffinluhana.com
Email:  booth@chaffinluhana.com
Telephone: (304) 400-6461
Fax: (888) 317-2311

*Attorneys for the Plaintiff by:*


/s/ Eric T. Chaffin
Eric T. Chaffin, Esq.